**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| MAURICE EDWARD SALLIS, | : | Case No. 3:26-cv-00061 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| RICHARD MILLER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**REPORT AND RECOMMENDATION**

---

Plaintiff Maurice Edward Sallis, a federal pretrial detainee, recently filed this civil rights case. He alleges that his rights were violated during a traffic stop that led to his arrest and federal prosecution. (Complaint, Doc. 9). Plaintiff is proceeding in this case *in forma pauperis* (Doc. 8) and without the assistance of counsel.

The matter is currently before the undersigned Magistrate Judge to screen Plaintiff's Complaint. 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must dismiss any part of the Complaint that is frivolous or malicious; that fails to state a claim on which relief may be granted; or that seeks monetary relief against a defendant who is immune from such relief. *Id*. However, upon an initial review, the undersigned **RECOMMENDS** that the Court refrain from considering the substance of the Complaint while Plaintiff's federal charges are pending and **STAY** this case until the criminal case against Plaintiff, which stems from the same arrest he challenges in this case, is resolved. *See United States of America v. Maurice Edward Sallis*, Case No. 3:25-cr-00006-MJN. (*See*

Complaint, Doc. 9 at PageID 83 [citing the criminal case number]). The undersigned also **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to appoint counsel as **MOOT**. (Doc. 10).

## I.      ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that on January 9, 2025, he was a passenger in a vehicle stopped by law enforcement near Dayton, Ohio. (Complaint, Doc. 9 at PageID 86). He asserts that the Defendant Officers seized, searched, arrested, and imprisoned him. (*Id*. at PageID 86-87). Plaintiff also asserts that Defendants "[lied] in sworn affidavits and reports, falsif[ied] evidence," and "cause[d] and facilitate[d] the commencement and the continuation of a criminal proceeding" against him. (*Id*.).

Plaintiff asserts that these actions were illegal and were caused, in part, by the City of Dayton's failure to train and supervise its employees. (Doc. 9 at PageID 87). Plaintiff sues six Defendants: Richard Miller and Josh Walters, agents on the Miami Valley Bulk Smuggling Task Force; Joseph Weeks and Nick Nolte, a lieutenant and a canine handler, respectively, of the Ohio State Highway Patrol; Tyler Simpson, a Homeland Security agent or investigator; and the City of Dayton. (*Id*. at PageID 86-87).

Plaintiff seeks, among other things, compensatory and punitive damages, an order to investigate the City of Dayton for its employees' unlawful conduct, and an order that the City of Dayton properly train its employees. (Doc. 9 at PageID 90).

2

## II.    A STAY IS APPROPRIATE

Upon an initial review of the Complaint, the undersigned concludes that this civil case should be stayed. Both this case and the criminal case against Plaintiff arise from the same January 9, 2025 traffic stop and arrest. (*Compare* Complaint, Doc. 9 at PageID 86-87 in Case No. 3:26-cv-00061 *with* Indictment, Doc. 18 in Case No. 3:25-cr-00006). Plaintiff is currently litigating a Motion to Suppress in the criminal case.

In *Wallace v. Kato*, the Supreme Court of the United States explained that:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. 384, 393-394 (2007).

A stay is appropriate here because challenges to Plaintiff's arrest on January 9, 2025 clearly are "related to rulings that will likely be made in" the pending federal criminal matter. *Id.* at 393; *Ray v. Moon*, 635 F. App'x 502, 504 (10th Cir. 2015) ("A stay of the civil-rights case, pending disposition of the criminal prosecution, may be appropriate."); *Lewis v. McCay*, No. 1:13-cv-10384, 2013 WL 2424933, at *3 (E.D. Mich. June 4, 2013) (staying claims challenging a search and seizure that led to the plaintiff's federal firearm charges). A stay in this case may also protect Plaintiff's rights against self-incrimination and his other interests in the criminal case, where he is also proceeding *pro se*, with standby counsel. (*See* Doc. 83 in Case No. 3:25-cr-00006). From a pragmatic perspective, a stay will allow Plaintiff to focus on one case at a time.

3

The undersigned accordingly **RECOMMENDS** that the Court **STAY** this civil case. The recommended stay should remain in effect until the criminal proceedings in Case No. 3:25-cr-00006 are resolved, including expiration of the time to file any appeal. If an appeal is filed, the stay should remain in effect until the appeal process is resolved, including expiration of the time for filing a petition for writ of certiorari in the Supreme Court of the United States. The stay should also continue while any motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255, or appeals from decisions thereon, are pending. For administrative purposes only, the case should be **CLOSED** during the pendency of the stay.

The undersigned further **RECOMMENDS** that the Court **ADVISE** Plaintiff that if he wishes to proceed with this civil case after the criminal case, any appeals, and any § 2255 proceedings are resolved, he must file a Motion to Reopen within **thirty (30) days** of the conclusion of those proceedings.[1]

## III.    THE MOTION FOR COUNSEL IS MOOT

Plaintiff filed a motion seeking the appointment of counsel with his Complaint. (Doc. 1-3). Given the above recommendations, the undersigned **RECOMMENDS** that the Court **DENY** this motion as **MOOT**. Plaintiff may refile a motion for counsel if and when this case is reopened.

---

[1] The undersigned cautions that this is not a determination that Plaintiff may proceed with all his claims at that time. The claims in his Complaint have not yet been screened, and may be found moot or barred, or otherwise not allowed to proceed. In addition, this recommended stay is not intended to give Plaintiff an unlimited amount of time after any appeals in which he may decide whether or not to pursue this case.

4

IV.     **CONCLUSION**

The undersigned Magistrate Judge **RECOMMENDS** that the Court:

1.      **STAY** and **ADMINISTRATIVELY CLOSE** this civil case;

2.      **ADVISE** Plaintiff that he must file a Motion to Reopen at the appropriate time if he wishes to proceed; and

3.      **DENY** the motion for counsel as **MOOT** (Doc. 10).

Plaintiff may file objections to these recommendations as discussed in the section below. He is **REMINDED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred. If he fails to do so, he may miss important deadlines or orders in this case, which may lead the Court to dismiss it.

**IT IS SO RECOMMENDED**.


　　　　　　　　　　　　　　　　　　　　*s/Caroline H. Gentry*　　　　　　　
　　　　　　　　　　　　　　　　　　　　Caroline H. Gentry
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers

sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).